May it please the court. My name is Kimberly Bronson. I represent the appellant, Mr. Singh, in this case. With the court's permission, I'd like to reserve three minutes for rebuttal. OK. Maybe we can start by responding to what Mr. Rakdashal has in his brief in terms of waiver, that the argument you're making today in terms of the equivalency of offenses and the whole way we apply the modified categorical approach to see what qualifies as a predicate offense under ACCA. Wasn't an objection made to the pre-sentence report? Well, that's correct. It wasn't made before the district court. And the way I read the government's brief, and which I conceded in my opening brief, is that because it was not there was no objection in the district court, plain error review applies. So under plain error, there must be an error which was plain, which must affect Mr. Singh's substantial rights. And then this court has discretion to correct the error, which under Molina-Martinez and U.S. Calabretta, if there is an error, I believe it is appropriate to remand for resentencing. Could anything involving the modified categorical approach be plain? I think, following Mathis, Your Honor, yes, it can be, in particular. In this case, it really turns on New York's interpretation of the elements of its statute. And New York has been, as defined by New York, the elements of the statute, which is subsection 1 of 220.06. This statute encompasses conduct that is outside the federal career offender's definition of a controlled substance offense. And is that because the New York schedule carries one substance that's not on the federal schedule? That's part of it. It's also because the New York statute, the elements are defined to not require proof of any particular type or amount of a controlled substance. So therefore, looking to the least culpable conduct, that would include the human chorionic gonadotropin, or HCG, which is not on the federal schedule. I think we're talking about the same thing then, aren't we? Yes. I think I'm just rephrasing it in a different way. We asked, the court sent a letter to counsel, that way there's a realistic probability that this statute, 220.06, open paren, one closed paren, would be used to prosecute someone who possesses with the intent to sell that substance. And that is answered by the plain language of the statute, Your Honor, as this court, following Murray. Pardon me, sir? Can you answer that question by the plain language of the statute? Yes. The reasonable probability. Well, the plain language of the statute is that it incorporates the New York's controlled substance schedule. But that doesn't mean they've ever prosecuted anyone for that substance. As per this court's decisions in a published decision, both in Leal v. Attorney General and Selman v. Attorney General, where the elements of the statute are not the same when you're comparing a prior predicate and a federal generic offense, but they're not the same. And that language of the state statute encompasses on its face conduct, which is outside the generic definition. There's no realistic probability inquiry to be done. Why are the elements not the same? Isn't the difference particular? The elements are the same. Unless your position is, well, under the federal drug laws, drug type or substance is an element. Is that your position? How are they not the same? One is a possession with intent to sell. The other, 841, has a possession with intent to distribute. The elements are the same. Of a controlled substance, they both have that. And then where they differ is the type of substance. That is correct. But the federal controlled substance's definition is narrower than New York. But in New York law, and correct me if I'm wrong, but as I understand it, for this particular subsection, the type of substance is not an element of the crime. It's a means by which the crime is committed. That's exactly right, Your Honor. And we're talking about subsection 1 in particular. There were cases cited by the government in which the Second Circuit looked at the statute as a whole. And some of those subsections under 220.06 would do require proof of a particular controlled substance or an amount, such as cocaine. In this case, the subsection 1 simply requires possession with intent to sell a controlled substance. Those controlled substances looking, as we know we must, to the least culpable conduct in which that element, and the element is the possession of a controlled substance, that encompasses conduct that falls outside the federal definition. Why doesn't controlled substance incorporate each controlled substance as a separate crime? It depends upon whether or not the state law requires proof of that, the unreasonable doubt, or unanimity. And New York seems to be somewhat unique. It does not require unanimity as to the type of controlled substance. And those are cases which are cited in the Second Circuit. I believe that we also referenced some of them in our brief. But if I could get the Court's permission. People v. Miller, which is an appellate court from New York in 2005. Was that construing 220.61? It was construing 220.161, which is the same statute, except instead of controlled substance, it's narcotic drug. Well, it's not the same statute, then. It segregates out a type. And I don't know if that really helps you, because I don't think you can say that the narcotic controlled substances in the schedule in New York are different than the narcotics that are on the federal schedule. Well, I would point this Court, then, to People v. Gagner, which is a 2017. I know it's been cited in our brief, 146 AD 3rd, 1019, which states, in general terms, that subsection 1 of 220.06 requires proof of knowingly and unlawfully possession of a controlled substance. Again, they're listing the elements without requiring any proof of a particular type of controlled substance. And I understand why a court may be very reluctant, as some justices on the Supreme Court have voiced. There is reluctance to apply the categorical approach. Or even the modified category. And I should step back. The modified categorical approach, I think everyone agrees, simply allows a court to look to see what crime was committed, not the manner in which that crime was committed, because it's irrelevant to the categorical approach. The modified categorical approach is simply a way of getting to the categorical approach. But even the modified categorical approach, individual conduct does not matter. It's the elements. That is correct. And in that, the Supreme Court used very, very strong, clear language saying, real world facts, no matter whether they're found, whether they're listed, whether the jury knows about them or not, it's irrelevant if they're not required to be proven necessarily as an element of the crime. Has this statute ever been used to prosecute someone? And I'm talking about the specific subsection 220.06. I can't say for certain, but I also think that the lack of any sort of published case in this certainly does not answer the question. And I would pose to you. But how do you show realistic probability if it's never been used? And that's the whole point of the realistic probability test is that it's not for us to imagine it would happen, but whether there's a realistic probability that it would happen. And can we say it did? It's so that there's no legal imagination involved. Well, if someone went to an attorney licensed to practice law in New York and said, I want to sell a human cryonic anatotrophin, is that OK? I think looking at the statute, certainly the answer shouldn't be there's no realistic probability going to be prosecuted for that. It's on the face of the statute. The statute makes it a crime. It depends on the lawyer you go to. So where this language of the statute plainly covers conduct, there's no legal, fanciful imagination involved. And therefore, the realistic probability inquiry is simply not appropriate in this case. Modified categorical approach allow us to look at the record and see what precisely the modified categorical approach will allow this court to determine what is his statute of conviction. How do we determine that? Well, you can look to Shepard approved documents. Right. And what are we looking at the Shepard documents for? To determine the statute of conviction, the statute. And I hate to keep repeating myself. But what I'm trying to get at is whether or not in my own mind, I'm not critical of this, whether or not you look at the Shepard documents to find out what the individual conduct was and therefore know what the offense and the elements were or whether or not you look at the Shepard documents to find out what the elements were. You'd say it's the latter. I do. I do. Yes. How do you reconcile our case in Blair? Which says once you're already looking at the Shepard documents, if they disclose information that would edify you as to the element, how it's been satisfied, isn't that sufficient? Tell me how Blair's known. Blair was decided by this court prior to Mathis. I do believe that Mathis abrogates Blair. And I believe that, in fact, Blair is the issue is before this court. And what maybe Embank hearing in the case of Mark Harris, I think it was. And so I do believe that Mathis has changed the landscape. And now it's quite clear that looking at Pennsylvania's robbery statute, it doesn't matter how it was. I understand your position. Can I ask you, I don't know if you'll know the answer to this question, but when you compare the certificate of disposition. Correct. Against the crimes charged in the indictment that are in the record, this different statutes are cited. Exactly. Can you fill in the blank there? Well, as you know, the indictment, of course, would be an appropriate Shepard document, but there's no statute listed in the indictment identifying. There's no count identifying what we know is the statute of conviction 220.06. But you're not disputing that was the statute of conviction, are you? I'm not. But it's subsection one. However, what I am disputing is the certificate of disposition clearly is not a reliable document. There are two in the record, one from 2017, one from 2019. We don't know who prepared them. One has a new. Well, the only difference between the two is the reference to the drug at issue. Exactly. That's the only difference. That is correct. But that's irrelevant, I posit, to the statute of conviction, which in both cases is identified simply as 220.061, subsection one. So you're not saying you've represented that you think they're not reliable Shepard documents. We know we have case law out there. There is case law out there that says certificates of disposition can be appropriate Shepard documents. But your problem is really considering whether it's the 2017 version or the 2019 version, considering the language about cocaine on that document because of what you just said, that Mathis doesn't allow us to consider that fact. Add it on as a alleged real world fact, which is irrelevant to the elements of the statute. Understand your position. Thank you. You have more time. Well, again, the. The United States Court of Appeals for the Second Circuit has held that this particular statute is not a controlled substance offense, as defined by 4B1.2B, which is the definition at issue here for the reasons that I've put forth in my brief and the reasons we've discussed here. Which court, which case are you relying with? The Second Circuit spoke specifically to this statute. Well, that would be actually Santos, which was it's a non-published opinion. But in that case, the United States attorney for the Eastern District of New York conceded that under Townsend. I know they conceded. I'm asking, did the district court in Santos adopt that concession? That's the obsession. Yes. I mean, well, they remanded free sentencing, noting that the I have that the that is not a controlled substance offense under the guidelines. The Second Circuit is also held in. There's a case that the government cited recently or in their Harbin versus sessions. But Harbin was a twenty two zero point three one three one. But they looked. Yes, that is true, Your Honor. I apologize. It's Henry case versus sessions. Twenty two point six identifies eight different crimes. That's the one Henry case versus sessions. Oh, so that Henry case case was a subsection five, which has the type. Exactly. That's a really map. It doesn't help us. I think in reaching the conclusion, though, that subsection five is a controlled substance offense. The court distinguishes between other subsections and says other subsections do not require proof of a particular drug or quantity. Did they say that you're inferring that from what they said? I'm inferring it. I remember when I remember that. I mean, I'm afraid of the government and their brief pointed to the fact that in Henry case, the statute was determined to be divisible into eight subsections, each of which has its own elements. Those eight subsections are clearly delineated with their own number. One is possession with intent to sell a controlled substance, not possession. to control a controlled substance that also falls within the federal schedule. And I would posit that you rule. Actually, I'll be back in a little bit. OK, thank you. Thank you. May it please the court. George Rock Tashel on behalf of the United States. I would like to talk about the back. So have I gotten that much greater since you last saw me? Then you appear to have gotten since I last saw you. It's been a lot of years. We're going all together, I guess. I think he gave you a compliment. And you're supposed to say, Your Honor, you look fabulous. Hey, Mickey, you've always, you've always, you know, the phrase gracefully. I simply wanted to talk about, first of all, the court's question concerning United States versus Blair. It's our position that it has not been necessarily abrogated by math. In fact, we think that it perhaps foreshadowed Mathis in its analysis of alternative elements and a step by step process through multiple subsections. Moreover, this court in as recently in an unpublished opinion called the United States versus Kim K. H. I. M. has indicated that the analysis and Blair is still viable. And also there was another decision of this court, a precedential decision, United States versus peoples, where the court addressed both Mathis and its decision in Blair and effectively synthesized the two and applying them to the robbery statute. Our position is, what do we do here with 220 of six? The statute of conviction that only refers to C.D.C.S. makes no mention of a drug. Our position is that if we apply the analysis that this court is used in cases like Blair and cases like peoples, and more specifically in cases like Henderson and Abbott and applies an analysis of alternative elements, we think that when you look at the elements of a 220 point zero six subsection, one possession with intent to sell a controlled substance as defined by statute, according to the New York case law, that references to the individual schedules of the New York drug regime, just like the Federal Controlled Substances Act has various schedules that get cross referenced by the substantive language of the individual. But doesn't the New York state law say that there's no, that this particular statute, the type of drug is not an element? Well, at some level, the prosecution, the case law does not specifically require proof of a type of controlled substance per se. Some of the case notes, the commentary that accompanies the particular statute, talks about an amendment where the New York Supreme Court, the New York Court of Appeals, had actually found that it was necessary to prove both knowledge of the type and quantity of controlled substance, and that was later changed by statute. There's no need to prove the knowledge of the quantity of controlled substance, but it would be our position the prosecutors in New York are going to have to prove a controlled substance as statutorily defined, just the way they would in the common law. You wouldn't agree that 220.06 is indivisible? Because it really only defines one crime, and one crime only. We think it defines a crime. I believe it is. Our position is that it's a crime that has alternative elements, the way the Pennsylvania drug regime does it. There are alternative means of communicating one crime with a single set of elements. Well, the element of a controlled substance is statutorily defined, fans out into alternative elements under the schedules that are cross-referenced in the definition of controlled substance in the New York Code. And the New York Code does reference, when it defines in 220.00, controlled substance meets any substance listed in schedule 1, 2, 3, 4, 5, other than marijuana, and it only deals with concentrated cannabis because marijuana is treated differently. So in proving up this violation that Mr. Singh was convicted of, it would be necessary to show... It's only one crime. There really are no distinctions in that statute, in 220.06, regarding any drug. Just the possession of a controlled agent or substance is sufficient. And we're speaking of subsection 1, not the rest of the statute. That's correct. We are. But by referring to the sale of a controlled substance, it's necessarily relying on the definition in the related statute that talks about the other schedules. I understand your argument. I'm not sure that's right. I mean, you look at the words of the statute, and just the possession with the intent to sell would seem to be sufficient. And I understand if the court has some reluctance to read the statute that way, but if we follow the progression in Mathis, looking at the statute, looking at the case law, and if the court is not satisfied in determining whether or not this New York violation is within the generic definition of a controlled substance offense, the court can take a peek under the third layer of analysis set forth in Mathis and applied by this court in Henderson and Abbott. But that requires us to also conclude that the drug type is an element of the offense, in order for us to look to take that peek. I think you have to take a peek, too, to make sure that it isn't marijuana. I mean, if you're just looking at a naked reference on a certificate of conviction to 220.06, subsection 1, with no drug described by the court. Marijuana is a controlled dangerous substance. It is, but we have to determine. See, it is a controlled dangerous substance when it's concentrated marijuana. Marijuana apparently gets treated differently in the definition of a controlled substance offense in section 220 of the New York Penal Code. Is it your position that we'd have to rule out, we'd have to ensure that the substance is not one of the excluded substances under the New York schedule, that is the not concentrated marijuana? That's correct, and the way to do that is to take the peek that Mathis allows and that this court has apparently done in Henderson and Abbott in determining under the Pennsylvania regime, was it intended to deliver or was it a delivery? Or on the other hand, was it one of the drugs on the designated schedules, which under the Pennsylvania regime would affect the penalty in some cases? What's your view about us using the realistic probability approach? Does it apply here? Should it be invoked? If so, is there a realistic probability that this substance would have been the subject of a prosecution under the subsection? I don't necessarily think the court has to go that route in looking at the realistic probability because we think you've got in the New York statute many of the same elements, if not all of the same elements that you have in the Controlled Substance Act equivalent and therefore you have a match. Your position is that drug type is an element? I believe that you have to prove a controlled substance and it has to be a type that's scheduled as defined in the statute. You have to prove the type to prove that is the question, I think. You have to prove some type of drug because it has to be a drug as defined by statute under the New York state decisions that parse out what the elements are. You have to prove it. I mean, you can't prove it's tomato paste. You have to prove it's a controlled substance on a specific... And the only way that we could tell that, well, let me try it this way, and that gets into the two differences of certificates of disposition. Both certificates of disposition are the same. They both talk about the sale of a control... possession with intent to sell a controlled substance. The latter, the later, rather, certificate of disposition was cocaine. Why was that added? Well, as you can see from our supplemental appendix, what was filed as the supplemental appendix was prompted by me writing to the clerk of the court of Kings County, New York, to find out exactly what document showed the controlled substance that this defendant was convicted of. And the one document we did receive was the sentence in order of commitment. It would be the supplemental appendix, page 2, which cites 220.06, subsection 1, and then at the bottom it indicates type of drug or weapon, and it's clearly stated that it's cocaine. And can you explain why the indictment that's part of the record does not capture the crime of conviction? This is my surmise, such as it is, Judge. It's that this defendant had a lot of cases in the New York system. They got consolidated for disposition. And I think that's clear by the fact that on the sentence in order of commitment, they're indicated that they should run concurrent with other docket numbers. We think that there probably was some charge bargaining done and that the final analysis is reflected in the sentence in order of commitment, which we submit is a reliable judicial record of the kind that's been approved under the Shepard case and has been applied, I think, the Townsend case actually makes, the Second Circuit case, actually makes reference to a certificate of conviction. In this case, I think we have one better than just the clerk's extract from the docket. We actually have a... But it's not the same as a judgment of sentence, I take it, in New York? No, I don't. There are not a lot of prisoners that get committed unless they're actually sentenced, and a sentence usually, we think, reasonably involves a judgment. And in this case, it's the crimes indicated, the statutory reference, the sentence, and the type of drug. And it's clearly a felony. It was a minimum two years, maximum four years. So really we have enough, we think, from this reliable record, which is sealed by the clerk of the court, Nancy T. Sunshine of Kings County, New York. We think that's the kind of record that courts traditionally rely upon, Shepard-sanctioned. This court has found to be reliable in other cases that we cited in our brief. How do you respond to your adversary's argument that in the brief submitted in United States v. Santos in New York, there was a concession that the subsection of the statute we're looking at is, quote, categorically not a controlled substance offense as defined by the sentencing guidelines? Has the government reconciled the position it's advocating here in the Third Circuit with the representations made to a court? Well, first of all, here we have the benefit of this court's wisdom and guidance in other cases, such as Henderson and Abbott, looking at a similar yet different controlled substance regime. We did contact our colleagues in the Eastern District of New York. It appeared as if there wasn't a full consideration, i.e., the Second Circuit, in that Townsend case of the significance, we thought, of the Henriquez v. Sessions case. Since Henriquez v. Sessions, although it doesn't look at the specific subsection in this case, at least it gets us in the ballpark of 220.06. It is a case that deals specifically with this statute that Mr. Singh, the general statute that Mr. Singh was convicted of. But the statute in conviction there was subsection 5. It was. And the court needed to determine what was involved in his, and an element, clearly, of that is cocaine in section 5. That's true, but the court did not reach the question of 220.06, subsection 1. Henriquez. Henriquez did not, nor did Townsend. Townsend dealt with 220.31, which we submit is totally different. Granted, some of them may appear to be simply restatements of different kinds of drug conduct, but we think that Henriquez, if you're going to look to Second Circuit case law for guidance, we think Henriquez is closer to the mark than Townsend is. So is your position on realistic probability that we should not turn to that doctrine because, from your point of view, the elements of 220.06, subsection 1, and 21 U.S.C. 841A1 are the same? The elements are the same, and when they're the same, we don't go to realistic probability. That would be our position in the first instance, but the realistic probability analysis we think is a good backstop analysis just to say, is this within the realm of a realistic probability? And how would we be able to make that determination on the record we have in front of us? We have to send it back to the district court to determine whether there's a realistic probability someone would be prosecuted for a violation of this subsection if the sale involved chorionic gonadotropin. I can't give the court a formula for applying that beyond this case, but on the facts of this particular case, at this moment in time, at the moment in time when Mr. Singh was prosecuted and sentenced in this case, this court in Moray indicated that there were no known prosecutions of an HCG. I'm going to use the initials because the term is a mouthful, but HCG possessed with intent to sell as a crime. And in preparation for argument, I simply put that in a word search in New York State authorities, and the only thing I came up with was about 12 civil medical malpractice cases apparently dealing with malpractice related to heroin. Is it fair to say that 220.06 is totally indifferent to the type of drug involved? I don't know if I can accept that formula. So long as there is evidence that a prohibited drug is involved, it actually is totally indifferent to the type. I don't know if I would I would feel comfortable making that argument to a New York court trying to sustain the sufficiency of a conviction under the statute, because I think it's only fair to the defendant that you have to prove that they knowingly possessed something they knew to be a controlled substance, but it's got to be one that's scheduled. But the word of the statute itself only refers to a controlled, dangerous substance. It doesn't require any specific control substance. Could be cocaine, could be methadone, could be heroin. So that why isn't the statute totally indifferent to the type of drug involved? It doesn't specify subsections, for instance, the way that our Controlled Substance Act does in the federal arena. It seems to me to be a standalone statute that can impose a penalty. You can be sentenced on that statute as long as there is evidence of possession with the intent to sell a controlled, dangerous substance. Would that be accurate? And that you knew that it was a controlled substance. And I don't think that's much, really much different than what we have to prove under the Controlled Substance Act, unless there's a quantity issue under Apprendi or something like that. So you're saying type and quantity are only an element insofar as it is a sentencing. It has an impact on the man and the sentencing of the defendant. Yes, but in the New York statute in 220.06, subsection one through eight, to prove up a class D felony, which that is a seven year maximum felony under New York law, you're going to have to meet that definition. You're going to have to meet it with substantial, you know, adequate proof. For subsections two through eight, you have to prove up the particular substance. Correct, for the other ones in there and amount. Amount is an element as well. Right, right, right. But in subsection one, which is what Judge Fuentes is focusing on, in that the type of drug is not what you need to prove. You just have to establish some drug on the list. It was what was possessed with the intent to sell. That seems to be the way the statute is set up. However, this court, you know, as it pointed out in Henderson, if we look to see was the substance taking the peak and finding from the charging documents or reliable judicial records what the substance was, which we know, and it's not disputed, I'm not hearing any real dispute on a factual level that Mr. Singh was convicted of possessing cocaine with intent to sell. We look to see do we have the same counterpart on the federal schedule. This, after all, is not a case where he was convicted of possessing with intent to sell HCG. And if he was and it wasn't reflected in the reliable records and we had to look through Shepard documents and once we found that, that would be a situation where we wouldn't have a match. So your position is it's important to look at the Shepard documents in totality to ensure that the substance at issue was in fact federally prohibited. Yes. So we shouldn't turn a blind eye when it's a substance that clearly is on the federal schedule. So if we're going to do it, we should look at the universe of information to either rule it in or rule it out. We agree. From the universe. Yeah. And exactly. And, you know, and using the metaphor in Blair, once the blinders are off, we keep them off until we're satisfied that we know we've got a match. So your position would be we need to look at the four corners of that Shepard document to satisfy ourselves that the substance at issue would in fact be a federally prohibited substance. We think that's a fair inquiry and we think it benefits the defendant because if it wasn't specified in a pre-sentence report and it wasn't specified as to whether or not it was a controlled substance, you'd have a defendant who was convicted of possessing with intent to sell HCG that might get those points and qualify as a career offender, whereas by looking at the Shepard documents, the appropriate ones with the indicia of reliability accepted by this court and the Supreme Court, we do give some certainty to the sentencing process that this person has been convicted of a valid controlled substance offense for purposes of the career offender guide. I'm not sure. I'm just not convinced that math allows you to go that far. Why does it let you take a deep dive into the entire record to find out what the specific drug of conviction is? Well, I don't think it allows a deep dive. And we're not advocating a deep dive here, Judge Fuentes, but we think that if you're not satisfied by matching the New York statute with the federal statute at that first stage, that this court's applied in Henderson and Abbott, and then you go to the judicial authorities, and let's say you think it's kind of a tie in the Second Circuit on this question, then you take a peek. That's pretty much what the Supreme Court said. It sounds flippant in a way, but that's exactly what I think we have to do in order to make sure that we're applying the categorical approach or the modified categorical approach after taking that peek. Okay, thank you. Thank you. Thank you. Your Honors, I would submit that what the government is asking this court to do is exactly what the Supreme Court said you cannot do. The peek part of it. Exactly, because in Mathis, the hypothetical pose there was Iowa burglary, saying if the statute for Iowa burglary just requires entry into premises, it doesn't matter. But here's the question. What are we peeking at? We have to look at something. You can peek if it's premises, which includes also a non-dwelling. It doesn't matter if it's been proven, if the jury knows, if the charging documents show that it was, in fact, somebody's house. It's irrelevant if it's not an element of the statute of conviction. Statute of conviction doesn't refer to any specific drug offense, but do you need to know that for sentencing purposes? In this case. At some point you need to know what the drug is. You do not need to know that under New York law because the amount, the sentence is the same regardless of controlled substance. Under subsection one, for a conviction, you do not need to know. That is correct, nor sentencing. For sentencing you don't either? They're all sentenced the same up to, I believe, seven years in jail. So it's legally insignificant. Unlike Pennsylvania's law, which does affect the maximum term of imprisonment depending upon the type or quantity of drug. The way the statute is drafted, I mean, from the very beginning, the drafters knew that this is all we need. That is exactly right. And we're talking about subsection one, which is possession with intent to sell. For purposes of the record, Bergen made that there is a conviction for a controlled dangerous substance. Do you need a reference to the substance or just acknowledgement that this is? It must be a controlled substance. And there is case law from New York, old case law, which I referenced earlier, which states that there's no basis for multiple convictions under these statutes when there's multiple types of controlled substances. For the purposes of the record, all it would refer to is conviction for possession of CDS. Correct. Right. So if someone had a bag of marijuana and a bag of heroin, that's one conviction if it happens at the same time. But what if, let's pretend it was a circumstance where the count of conviction was possession of a controlled substance, and in New York the controlled substance is this particular drug. Correct. Right? The client then gets charged federally. Wouldn't the defense lawyer and the defendant want to tell the court, hey, that substance underlying my conviction would not be a federally controlled substance, therefore it shouldn't matter. You would expect that someone would want to bring that to the court's attention. It wouldn't. Pretend your client had exactly the same conviction in words, but the facts show it involved HGC rather than cocaine. You would presumably want to bring to the court's attention, judge, this isn't a qualifying offense because it is predicated on a type of controlled substance that is not listed federally, and therefore it cannot be a qualifying offense. Of course, any good defense lawyer would do that, but it's also irrelevant if the element doesn't require or if the element doesn't. So then a court would then be enhancing a defendant's sentence based upon because the words of the statute match, even though it would never be cognizable, it would never be qualified. That's too bad, that's the way it goes? That can't be right. Can it be? No, and that's why this entire, any conviction under this statute, regardless of whether it involved cocaine, HGC, marijuana, it can never be a controlled substance offense for purposes of the career offender guideline. But that's only because it has an extra type of controlled substance. It does, because the means by which it can be committed go beyond those that are federal offenses. The means are, again, the type of controlled substance in this case is truly just a means by which the government may prove the element of a controlled substance. And I would like to point out, if I could have the Court's indulgence, that I was incorrect. United States v. Santos, which is admittedly an unpublished opinion, but they do acknowledge this is the Second Circuit. As the government acknowledges, Santos' first argument has been decided in his favor by this Court's recent decision in Townsend, which held that a controlled substance for purposes of the guideline refers exclusively to those in the Controlled Substances Act. As the New York State drug schedule included drugs not covered, those convictions cannot serve as predicates under 2K2.1, which uses the same definition. In that case, the statute at issue in Santos is 220.06, subsection 1 specifically. It is subsection 1. Yes. Yes. And they do apply Townsend to this analysis. I thank the Court's indulgence and ask you to find plain error and reverse, because Mr. Singh's rights were clearly violated in this case. Thank you. Thank you.